EL PUEBLO, DEMANDANTE Y APELADO, *v.* MENA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por tener burdeles y casa escandolosa.

No. 675.—Resuelto en mayo 7, 1914.

PROSTITUCIÓN—DUPLICIDAD EN LA ACUSACIÓN—DEFECTO ALEGADO POR PRIMERA VEZ EN APELACIÓN.—El defecto de duplicidad en una acusación consistente en que se imputan al acusado el delito de tener una casa dedicada a citas deshonestas y el de haber arrendado habitaciones a mujeres para dedicarse a la prostitución, no habiendo sido alegado en la corte sentenciadora no puede ser considerado por primera vez en apelación.

ID.—DUPLICIDAD EN LA ACUSACIÓN—ALQUILER DE HABITACIONES PARA LA PROSTITUCIÓN.—La acusación formulada contra el acusado en este caso en la la cual se dice que tenía establecida una casa dedicada a citas deshonestas,

arrendando las habitaciones, a mujeres para dedicarse a la prostitución, no adolece del defecto de duplicidad, y el delito imputado en ella es el de arrendar habitaciones a mujeres para fines de prostitución.

ID.—ALQUILER DE HABITACIONES PARA LA PROSTITUCIÓN—CONOCIMIENTO DEL ACUSADO.—Examinada la prueba *se resolvió* que el acusado tenía conocimiento de que las habitaciones se alquilaban para fines de prostitución.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Antonio Trujillo.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante alega en primer término que la acusación es defectuosa porque en ella se imputan dos delitos, el de haberse acusado al apelante de tener una casa dedicada a citas deshonestas y haber arrendado habitaciones a mujeres para dedicarse a la prostitución. Esta cuestión no fué promovida ante la corte sentenciadora y por tanto no es necesario que la consideremos, *Torres v. Lothrop Luce & Co.,* 16 D. P. R., 180; *Torres v. Lothrop,* 231 U. S., 171; *Quintero et al. v. Morales,* resuelto en 23 de abril, 1914, y casos citados en el mismo, especialmente si se probó dicha acusación tal como fué presentada. Creemos, sin embargo, que en la referida acusación se imputó un solo delito. La acusación es como sigue:

"El Fiscal formula acusación contra Rafael Mena por un delito de tener burdeles y casa escandalosa, previsto en el capítulo 7, del título 13, del Código Penal, *misdemeanor,* cometido como sigue: El citado Rafael Mena allá el día 17 de noviembre de 1913, tenía establecida en la casa No. 90 de la Calle de San Sebastián de la ciudad de San Juan que forma parte del Distrito Judicial del mismo nombre, una casa dedicada a sitas deshonestas arrendando las habitaciones a mujeres para dedicarse a la prostitución. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico."

El apelante sostiene que la acusación no es clara pues en ella no se determina si la causa se siguió de conformidad con el artículo 287 ó 288 del Código Penal. Opinamos que si bien la mencionada acusación no fué preparada con mucho cuidado, en ella se informa suficientemente al acusado de que

se le imputaba el hecho de arrendar habitaciones a mujeres para fines de prostitución

El único otro fundamento de error que ha sido alegado se refiere a la insuficiencia de la prueba para sostener la acusación.   Que la casa era de citas y que se arrendaban habitaciones a mujeres quienes las usaban para fines de prostitución, fué un hecho que quedó plenamente probado.   El fundamento principal del apelante, según el concepto que del mismo hemos formado, fué el hecho de no haberse probado que el acusado era el que tenía la casa o quien la dirigía y tenía conocimiento de los actos de los huéspedes.   Ya hemos visto que el hecho por el cual fué acusado era el de haber arrendado las habitaciones para fines de prostitución, y la única y verdadera cuestión es si tenía o nó dicho acusado conocimiento de tales fines.   Los huéspedes eran numerosos y quedó probado que la casa era bien conocida como casa de citas, que el acusado se entendía personalmente con las mujeres inquilinas como arrendador o dueño, que visitaba la casa y que sus agentes tenían completo conocimiento de los hechos.   Su conocimiento de los hechos quedó demostrado en parte por prueba circunstancial y en parte por sus propias admisiones.   Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.