Viruet, Demandante y Apelante, *v.* Oliver & Co., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre otorgamiento de carta de pago y otros extremos.

No. 2132.—Resuelto en febrero 14, 1921.

Modificación de Escritura Pública por Medio de Convenio Verbal—Convenio Verbal—Documento Público.—Las estipulaciones consignadas en una escritura de hipoteca en cuanto a la forma de pago, no constituyen obstáculo para que los contratantes puedan pactar luego verbalmente o en otra forma lo que tengan por conveniente en cuanto a la aplicación de los pagos y en este caso se entiende que lo últimamente pactado es aclaración, confirmación, o modificación de aquella escritura.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. F. Rossy.*

Abogado del apelado: *Sr. A. Lens Cuena.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Benito Viruet estableció demanda para obligar a la sociedad Oliver y Compañía a otorgar escritura de carta de pago y cancelación total de ciertas hipotecas que se alega han sido satisfechas.

Después de la contestación, contra demanda, y juicio por los méritos del caso, la corte inferior declaró sin lugar la demanda y dictó sentencia a favor de Oliver y Compañía por la suma de $3,895.12, e intereses, costas y gastos por los siguientes fundamentos:

"Del examen de las alegaciones de las partes, así como de la prueba documental producida por éstas, resulta conformidad de las mismas, en cuanto a la existencia, legitimidad y cuantía de los créditos hipotecarios, cuya cancelación solicita el demandante y cuyo pago reclama la contra-demandante, quedando por tanto, como la cuestión esencial y tal vez única suscitada, la de si las entregas o abonos de frutos de café hechos por Benito Viruet a la sociedad 'Oliver y Compañía,' desde agosto de 1914 a diciembre del mismo año, lo fueron en concepto de pago del precio de los créditos hipotecarios con aplicación a éstos, como pretende la parte demandante, o si correspondía a una cuenta establecida entre Benito Viruet y 'Oliver y Compañía,' previo convenio de los mismos, según alega la sociedad demandada y contra-demandante.

"De la prueba documental aportada por ambas partes, resulta demostrado: que sobre la finca descrita en la demanda, pesan las siguientes hipotecas:

"(*a*) Una primera para garantizar el pago del crédito constituído a favor de la sociedad 'Oliver y Compañía,' por 1,396 dollars ocho centavos pagadera a plazos y vencido el 31 de diciembre de 1915.

"(*b*) Una segunda hipoteca a favor de 'Oliver y Compañía,' en garantía de quinientos dollars de préstamo en concepto de refacción y para cultivo de la expresada finca, pagadero y vencido en todo el mes de octubre de 1913, obligándose el deudor a entregar a la sociedad acreedora todos los frutos de café que produjere la mencionada finca en el año 1913; habiéndose posteriormente convenido en

22 de diciembre de 1913, entre los contratantes por no haber podido el deudor Sr. Viruet satisfacer los expresados 500.00 dollars a Oliver y Compañía, en prorrogar su pago hasta el 31 de octubre de 1914.

"(c) Una tercera hipoteca a favor de 'Oliver y Compañía,' en garantía de mil dollars de préstamo al referido Sr. Viruet en concepto de refacción y para cultivo de la expresada finca pagadero y vencido en 31 de octubre de 1914, obligándose el deudor Viruet a entregar a Oliver y Compañía, todos los frutos de café que produjere dicha finca en el año 1914, para aplicarse al pago de los 500.00 dollars mencionados en el hecho anterior y los mil dollars también de refacción a que se refiere el presente.

"Del examen y apreciación del resto de la prueba, documental de cartas, recibos, órdenes y testifical presentada y practicada en el acto del juicio, considero que aparecen demostrados los siguientes hechos:

"Primero. Que el crédito hipotecario por 1,396 dollars 8 centavos vencido el 31 de diciembre de 1915, sin haber sido pagado.

"Segundo. Que el crédito refaccionario de 500.00 dollars y el de 1,000 dollars, vencieron en 31 de octubre de 1914, sin haber sido pagados, e igualmente tampoco ha sido satisfecho a 'Oliver y Compañía,' por Benito Viruet, los 550.00 importe del préstamo agrícola vencido, según declaró el mismo Viruet.

"Tercero. Que con posterioridad al 31 de octubre de 1914, en o por el primero de noviembre del mismo año, Benito Viruet necesitando la refacción para la recolección del café y otras aplicaciones, convino verbalmente con su acreedora 'Oliver y Compañía,' en que ésta le siguiese refaccionando para poder recojer el café y que el fruto e importe del café que fuese entregando se aplicase o abonase a la cuenta corriente de refacción y mercaderías, en primer término y el sobrante para el pago de los créditos refaccionarios o hipotecas.

"Cuarto. Que dicha cuenta corriente quedó sin cubrir por Benito Viruet, y por tanto sin sobrante alguno que asignar para el pago de dichos créditos.

"Quinto. Que la expresada cuenta liquidada con un saldo a favor de 'Oliver y Compañía,' de $444.58, fué entregada en febrero de 1915 a Benito Viruet, sin que éste hiciese impugnación a la misma, apareciendo por el contrario, de las declaraciones de Francisco Jaume, que aquél manifestó estar conforme con la cuenta, hablando del saldo de ella, y de Clodomiro Candelaria, que Viruet le dijo que quería vender su finca para pagarle a 'Oliver y Compañía,' la cuenta y la hipoteca.

"Para que proceda la cancelación solicitada por Benito Viruet en su demanda, se hace necesario justificar por el actor, haber satisfecho el crédito hipotecario y los refaccionarios, cuya garantía se constituyó sobre la finca mencionada en la demanda, y pagado por tanto la cantidad con que aparece gravada la misma y lejos de eso Viruet, no solamente no ha justificado el pago de ninguno de los préstamos que le fueron hechos por 'Oliver y Compañía,' sino que aparece adeudando a éstos el saldo de la cuenta corriente establecida para facilitarle aquéllos la refacción y la entrega de lo necesario a la recolección del fruto de la finca, el cumplimiento por el deudor Viruet de las obligaciones vencidas y no satisfechas.

"No habiéndose extinguido por el deudor Viruet ninguno de los créditos hipotecarios, carece de derecho a la cancelación de los mismos.

"El demandante Viruet, ha tendido a suscitar dudas sobre el alcance y verdadero objeto del convenio de cuenta corriente, por los hechos probados anteriores, coetáneos y posteriores al mismo, cuales son: los préstamos de refacción anteriores prorrogados en un vencimiento y no satisfechos no obstante; la naturaleza heterogenia de la cuenta que comprende entregas de dinero, efectos, provisiones, mercaderías, etc.; y el recibo y no impugnación de la cuenta liquidada y saldada, las manifestaciones del deudor Viruet y Francisco Jaume sobre conformidad con un saldo, y a Clodomiro Candelaria, de "querer vender su finca para pagarle a 'Oliver y Compañía,' la cuenta y la hipoteca, y la hecha a Angel Marengo, revelan el incumplimiento por parte de Viruet de las obligaciones constituídas a favor de la mercantil contrademandante y la falta de pago del saldo de la cuenta a la cual, él mismo disponía se cargasen sus pedidos, de dinero, provisiones, mercaderías hechos en los vales u órdenes que han sido presentadas como prueba y por él reconocidas en el acto del juicio.

"La contrademanda en cobro de dinero se basa en los tres créditos procedentes de los tres préstamos en concepto de refacción y del préstamo agrícola a que nos hemos referido en los hechos expuestos al principio de esta opinión y además en una cuenta liquidada, la corroboración de cuyas partidas de mercaderías vendidas y entregadas al contrademandado ha sido objeto de una detallada y minuciosa prueba por la parte contrademandante.

"Las estipulaciones consignadas en escritura pública, no constituyen obstáculo para que los contratantes puedan pactar en otra forma lo que tengan por conveniente, y en este caso se entiende que lo últimamente pactado es aclaración, confirmación, o modificación

de aquella escritura. Sentencia del Tribunal Supremo de España, de 6 de abril de 1888.

"Las obligaciones contraídas por personas hábiles, son eficaces, siempre que se justifique la existencia de aquéllas por cualquier medio de prueba de los que reconoce el derecho, debiendo los tribunales evitar, en cuanto se pueda, que quede a merced de la voluntad de una de las partes el derecho de la otra.

"El demandante no ha justificado su derecho a la cancelación de los créditos hipotecarios que interesa, pues no ha probado haber satisfecho dichos créditos y no estando liberada o extinguida la obligación principal, o sea los créditos, no tiene el deudor derecho a la cancelación.

"Por otra parte la contrademandante, ha justificado la existencia y legitimidad de los créditos que reclama, por la prueba documental pública producida por ambas partes; y apreciando la fuerza probatoria de las declaraciones de los testigos en relación con los demás medios de prueba respecto a la cuenta corriente presentada por la contrademandante, considero que ha sido justificada la obligación que existe por parte del contrademandando de satisfacer el saldo de dicha cuenta, sin que haya sido impugnada ni en las alegaciones del contrademandado, ni por medio de prueba, la corrección de dicho saldo."

No existe ningún señalamiento de error específico, o en otra forma, pero el apelante en el curso de un alegato de treinta y ocho páginas discute las siguientes cuestiones legales:

"Primera. ¿Pudo la sociedad Oliver y Compañía dedicar el producto del café que le entregara don Benito Viruet durante la cosecha de 1914, al pago de la cuenta corriente de dicho Viruet en vez de destinarlo a liquidar las tres hipotecas, una de mil trescientos noventa y seis pesos, ocho centavos, constituída por la escritura de 20 de mayo 1912, otra de quinientos según escritura de 14 de diciembre del mismo año, y la tercera de mil mediante escritura de 22 de diciembre del 1913, que suman dos mil ochocientos noventa y seis pesos, ocho centavos; cuando en la cláusula tercera de la última de estas escrituras se estipuló que ese café era para abonar los dos últimos préstamos, y el pago de la primera hipoteca es preferente a cualquier otro, mucho más cuando es primera en tiempo, porque data de 20 mayo 1912, a vencer en 1913, 14, y 15?

"Segunda. ¿Cuál fué el precio convenido entre acreedor y deudor, para valorar el café?

"Tercera. La sociedad acreedora pretende cobrar a Viruet en este pleito, el saldo de una cuenta corriente que relaciona en su contrademanda."

En la primera de estas cuestiones como ha sido presentada, se pasa claramente por alto la conclusión de la corte inferior en cuanto al convenio verbal celebrado entre las partes respecto a la apertura de la nueva cuenta y a la aplicación de los pagos que luego habían de hacerse.

La segunda es puramente una cuestión de hecho, como también lo es la tercera, excepto en cuanto depende de la resolución de tales cuestiones de derecho como han sido vagamente sugeridas en la primera.

Verdaderamente que cualquier mérito que pueda encontrarse en todo el alegato, si no es la única cuestión que ha sido sugerida formalmente, está en el análisis acabado de la prueba aportada al juicio. Y sobre este aspecto del caso bastará con decir que los hechos como fueron declarados probados por el juez sentenciador están bien establecidos por la prueba.

Al presentar la primera de las tres cuestiones que han sido sometidas, el apelante hace referencia a los artículos 1221, 1223 y 1234 del Código Civil en el sentido de indicar, entre otras cosas, que es indispensable un documento público para que pueda hacerse una modificación a la cláusula contenida en una hipoteca en cuanto a la forma del pago. La sentencia del Tribunal Supremo de España de abril 6, 1888, en la cual se funda el juez sentenciador no ha sido comentada, distinguida, discutida, o siquiera mencionada, y no se ha hecho cita alguna de ninguna otra autoridad sobre esta cuestión. Asimismo en cuanto a la cuestión de "preferencia" en lo que respecta a las varias hipotecas, a los contratos por escrito sobre créditos refaccionarios y a la deuda por virtud de la cuenta abierta subsiguientemente de conformi-

dad con los términos del convenio verbal posterior relativo a dicha ulterior prórroga del crédito, se hace referencia a los artículos 1824, 1825, 1828 y 1830 del Código Civil como fueron enmendados por la ley sobre contratos de refacción agrícola, aprobada en marzo 10, 1910.

Los apelados para refutar esta clase de argumentos, citan los artículos 1221, 1222, 1225, 1245, 1246 y 1140 del Código Civil y las sentencias del Tribunal Supremo de España de julio 4, 1899; octubre 19, 1901; junio 18, 1902; mayo 11, 1903; enero 13, 1904; enero 18, 1905; julio 8, 1904; noviembre 14, 1904; febrero 4, 1905; febrero 9, 1907; junio 14, 1907; julio 8, 1908 y abril 17, 1909, en relación con el caso de *Abella* v. *Antuñano*, 14 D. P. R. 498; *Asencio* v. *Alvarez*, 10 D. P. R. 106; *Río* v. *Vázquez*, 17 D. P. R. 672; *Vázquez* v. *Medina*, 17 D. P. R. 105, y los comentarios de Manresa a los artículos correspondientes del Código Español.

Y sin más discusión sobre la cuestión que de tal modo se trata de plantear, de paso podemos hacer referencia a los casos de *Torres* v. *Lothrop, Luce & Company et al.*, 16 D. P. R. 180; 231 U. S. 171; Wigmore sobre Evidencia, tomo 4, página 3441, sección 2441; *idem.*, página 3467, sección 2455; *Bloodworth* v. *Jacoba*, 2 La. Ann. 24; *Merchants and Farmers' Bank* v. *Harvey Plow Company*, 14 Souther Rep. 139, y *Flower & Kenney* v. *O'Bannon*, 33 La. Ann. 1042.

Es al apelante que trata de obtener la revocación de la deliberada sentencia dictada por la corte inferior a quien incumbe establecer los fundamentos en que se basa, y no es necesario que investiguemos minuciosamente sobre los méritos de cuestiones sometidas sin citas de autoridades, como referencia más o menos razonables que puedan deducirse de determinados artículos del código, los cuales mediante un examen final y después de una investigación acabada e independiente por este tribunal, podrían o no suministrar por vía de analogía o de otro modo, alguna base sólida para la teoría que de tal modo ha sido sugerida.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.