AMERICAN RAILROAD COMPANY, PLAINTIFF AND APPELLANT, *v.* TREASURER OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Refund of Taxes Paid under Protest.

No. 2487.—Decided March 16, 1922.

TAXES—REFUND OF TAXES.—A certificate of the Treasurer of Porto Rico showing that the plaintiff in an action pending for the refund of taxes paid under protest brought in March, 1921, owed taxes for the second semester of the year 1920–1921, due on January 1, 1921, and posterior to the protested taxes, the plaintiff is considered to have withdrawn his action in accordance with section 6 of Act No. 17 of May 13, 1920, which went into effect in August, 1920.

The facts are stated in the opinion.

*Mr. F. H. Dexter* for the appellant.

*The Attorney General* and *Messrs. M. A. Muñoz, R. H. Todd, Jr.,* and *J. A. Loret* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This appeal involves principally the construction of section 6 of Act No. 17, approved May 13, 1920, as follows:

"Section 6.—That at any time that The People of Porto Rico shall show, through a certificate issued by the Treasurer, that the taxpayer complainant has not paid any other tax subsequently thereto, within the time fixed by law, he shall be deemed to have withdrawn his suit with costs and with the indemnity fixed in Section 4 of this Act taxed against him."

The second amended complaint bears date March 15, 1921,

and recited that certain taxes assessed against the complainant were paid under protest.   On the 5th of April, 1921, the Treasurer moved to dismiss the complaint by virtue of section 6, *supra,* showing, among other things, that the taxes for the first and second semesters of the fiscal year 1920–1921 had not been paid.   The District Court of San Juan, Second Section, rendered judgment dismissing the complaint and the appeal is from the said judgment.

The appellant maintains that as said section 6 only went into effect in August, 1920, its terms would only be applicable to the second semester of 1920–1921 and that this tax did not fall due until January, 1921.   We agree with the appellee that even the first semester was payable up to September, 1920; but the appellant was in any event bound for the taxes due for the second semester payable on the first of January, 1921.

But the appellant also for the first time on appeal says:

"But the main reason why the judgment of the district court should be annulled is to be found in the deficiency of the Act of 1920, which provides no guaranty for the taxpayer, inasmuch as the refunding of his money is left to the discretion of the legislature."

There was no assignment of error, but aside from this the question raised for the first time on appeal comes too late.   *Kent* v. *People of Porto Rico,* 207 U. S. 113; *Torres* v. *Lothrop,* 231 U. S. 171; *Porto Rico Benevolent Society* v. *Municipality of Ponce,* 28 P. R. R. 403, and cited cases; *Torres* v. *Lothrop,* 16 P. R. R. 175.   As the appellee, points out, this alleged error is set forth in its brief without argument or relation of authorities.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.