THE AMERICAN RAILROAD COMPANY, DEMANDANTE Y APELANTE,
   *v.* TESORERO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre devolución de contribuciones pagadas bajo protesta.

No. 2487.—Resuelto en marzo 16, 1922.

CONTRIBUCIONES PAGADAS BAJO PROTESTA—DEVOLUCIÓN DE CONTRIBUCIONES—DESISTIMIENTO FORZOSO DE LA DEMANDA. — Una certificación del Tesorero de Puerto Rico creditiva de que el demandante en un pleito pendiente sobre devolución de contribuciones pagadas bajo protesta, cuya demanda había sido presentada en marzo de 1921, adeudaba las contribuciones por el segundo semestre de 1920–1921 pagaderas en 1°. de enero de 1921 y posteriores a la contribución protestada, es suficiente para considerar al demandante desistido de su demanda de conformidad con la sección 6 de la Ley No. 17 de mayo 13, 1920, que empezó a regir en agosto de 1920.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. F. H. Dexter.*

Abogados del apelado: *Hon. Attorney General* y *Sres. M. A. Muñoz, R. H. Todd, Jr., y J. A. Loret.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta apelación envuelve principalmente la interpretación de la sección 6 de la Ley No. 17, aprobada en mayo 13 de 1920, la cual prescribe lo siguiente:

"Sección 6.—En cualquier momento en que El Pueblo de Puerto Rico acredite por medio de una certificación del Tesorero de que el contribuyente demandante no ha satisfecho alguna otra contribución posterior dentro de los tiempos del término fijado por la ley, se le tendrá por desistido de su demanda, con imposición de costas, y de la indemnización que fija la sección 4 de esta Ley."

La segunda demanda enmendada es de fecha marzo 15, 1921, y en ella se alegaba que ciertas contribuciones tasadas contra la demandante fueron pagadas bajo protesta. En abril 5 de 1921, el Tesorero presentó una moción para que se tuviera a la demandante por desistida de su demanda por virtud de la sección 6, *supra,* alegando entre otros particu-

lares, que las contribuciones para el primero y segundo semestre del año fiscal 1920–1921 no habían sido satisfechas. La Corte de Distrito de San Juan, Sección Segunda, dictó sentencia teniendo por desistida a la demandante y es contra esa sentencia que se interpone la presente apelación.

Sostiene la apelante que como esa ley no fué efectiva hasta agosto de 1920, sus términos sólo serían aplicables al segundo semestre de 1920–1921, y que esta contribución no era pagadera hasta enero de 1921. Convenimos con el apelado en que aún el primer semestre era pagadero en septiembre de 1920, pero el apelante quedaba de todos modos obligado por las contribuciones vencidas para el segundo semestre pagaderas en primero de enero de 1921.

El apelante, también por primera vez, en apelación dice lo siguiente:

"Pero la principal razón para que la sentencia de la corte de distrito sea anulada está en el defecto de la Ley de 1920 que no provee garantía para el contribuyente puesto que la devolución de su dinero se deja a la discreción de la Legislatura."

No hubo señalamientos de error, pero aparte de esto promovida la cuestión por primera vez en apelación es muy tardía. *Kent* v. *El Pueblo de Puerto Rico,* 207 U. S. 113; *Torres* v. *Lothrop,* 231 U. S. 171; *Porto Rico Benevolent Society* v. *El Municipio de Ponce,* 28 D. P. R. 824 y casos; *Torres* v. *Lothrop,* 16 D. P. R. 180. Como indica el apelado este alegado error se consigna en su alegato sin razonamiento alguno, o citas de autoridades.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Aldrey y Hutchison.