ROSA MARRERO, Plaintiff and Appellee, v. JOSÉ PLUMEY, Defendant and Appellant.

No. 3795.   Argued January 12, 1926.—Decided July 30, 1926.

*García Méndez & García Méndez* for the appellant.   *Alberto García Ducós* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The appellant, whose possession of a piece of land was alleged to be precarious, defended in an unlawful detainer suit on the ground that Calcerrada Bernal & Co., grantors of the complainant, had agreed and consented that the said appellant might construct a house upon the said piece of land. The answer also alleged that the said grantors had executed a document wherein it was agreed that the said defendant should not have to pay any rent and that when the sale was made to Rosa Marrero the said grantors expressly notified her of the permission and agreement they had made with José Plumey, the defendant and appellant, and made it a condition that Rosa Marrero should respect the possession of José Plumey.

The court made substantially the following findings and conclusions: 1, that Rosa Marrero was the owner of the land described in the complaint; 2, that Rosa Marrero acquired the said property by purchase from certain grantors mentioned in a deed before a certain notary; 3, that the defendant occupies the land without paying anything therefor; 4, that possession had been demanded and refused; 5, that, properly speaking, no conflict of title existed in the case; 6, that Rosa Marrero never acknowledged any right in the defendant with regard to all or any part of the land in question and much less agreed to leave Plumey in eternal possession of the land that she bought; 7, that the possession of the defendant was not an independent one.

We feel bound to agree with the appellee, and hence with the court, that the mere assertion of an independent title and

some proof tending to prove the assertion will not defeat an unlawful detainer suit and make the complainant resort to an action of revendication. We have held otherwise in *Lafontaine* v. *Lafontaine*, 30 P.R.R. 184. If the court does not believe the evidence submitted the defendant can not be said to have furnished the beginnings of a title to which the jurisprudence refers. As appellee intimates, if the proposition contended for were true, the unlawful detainer Act in many cases would be entirely abortive.

According to the appellee the private document between the said grantors and Plumey had the earmarks of having been recently penned and after suit filed. The court had the right to discredit it. The court evidently did not believe the witness Bernal when he testified to having notified the husband of Rosa Marrero of the existence of the private agreement. The husband denied the existence of any such notice to him. It was the duty of Bernal and his associates to have put the condition in the deed. The notary and at least one witness to the deed denied any conversation at the time of its execution tending to show an agreement on the part of the purchaser to respect the possession of Plumey. The court had the right to believe that the defendant was on the land in no different manner than that of any other person whom complainant's forbears in title had permitted to build there. The registry showed nothing and complainant's deed was offered in evidence.

A purchaser is not bound to respect a contract made by his predecessor in title of which he has no notice. This is the result of the registry system in force in Porto Rico. *Torres* v. *Lothrop, Luce & Co.*, 231 U. S. 171; same case in 16 P.R.R. 172, and many others. That a purchaser is not bound to respect the possession of a supposed tenant is, besides, the written law in Porto Rico. Section 1474 of the Civil Code; *Angleró* v. *Fernández*, 31 P.R.R. 249; *Cuesta* v. *Ortiz*, 29 P.R.R. 460. The conditions which led to the tenancy in the last named case were entirely distinct.

The judgment must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.