ELOÍSA ANNONI, ET AL., Plaintiffs and Appellants, *v.* HEIRS OF BLAS NADAL Y CUEBAS, ET AL., Defendants and Appellees.

No. 6370. Argued April 13, 1936.—Decided July 30, 1936.

*José Sabater* for appellants.    *Oscar Souffront* for the Heirs of Nadal. *Frank Martínez* and *Frank Bianchi* for Messrs. Bianchi and Cabrera.

Mr. Justice Wolf delivered the opinion of the Court.

■■■ The first assignment of error is as follows:

"The District Court of Mayagüez by its judge, Hon. Charles E. Foote, who is the regular judge of said court, committed error in abstaining from deciding and in failing to decide the motion presented by the attorneys for the plaintiffs wherein they sought to have the court annul all that had been done by attorney Tomás Torres Pérez on the ground that the latter had no authority to act."

It transpires that the regular judge of Mayagüez, Charles E. Foote, refused originally to sit because of his close intimicy with the family of one of the defendants, Mr. Bianchi. As a consequence the Governor named Mr. Tomás Torres Pérez to act as judge. The case was heard before him and on demurrer he decided in favor of defendants. Meanwhile this court, in *Saavedra* v. *Mestre*, Judge of the District Court of Aguadilla, 43 P.R.R. 274, held that was not the proper way to obtain a substitute. Then the appellants appeared before Judge Foote asking him to annul the proceeding. He heard the motion, but took no action because of having become previously disqualified.

We are fairly well convinced that a mandamus would be the real remedy in the case, if any lay, but we need not base our decision solely on that ground. All that Judge Foote did was to refuse to act. In any event, we have no question that Tomás Torres Pérez became a judge *de facto* by the consent of the parties and no error is available to appellants on this ground. No question of his capacity to act was raised before the said judge.

Moreover no notice of appeal from the action of Judge Foote refusing to consider the motion to annul has been certified up to us and we question our jurisdiction.

■ The complaint in this case was filed on the 25th of February, 1931. It sought the nullity of a certain judicial proceeding initiated by Salvador Nadal before the superseded *(extinguida)* court of first instance of Mayagüez against Nadal & Co., as liquidator of the firm of Nadal &

Cuebas. One of the grounds was that the action was null and void under the then existing law. Another was that the proceeding was null and void because it was the result of a conspiracy between said Salvador Nadal and his said cousin, Blas Nadal, to defraud Ernesto Patxot y Blanch of his share in the property in the plantation *(hacienda)* Altagracia; that the complainants are the heirs of said Ernesto Patxot, and the owners of a share of said land and have a right to hold it in common with the defendants Juan Bianchi and Guillermo Cabrera. This is substantially a copy of the first part of the brief of appellants which proceeds to set out other averments of the complaint setting up other consequent nullities and claims of the appellants by reason of said primordial nullities. The defendants in the suit were Ramón and Neli Nadal y Mangual, as successors of Blas Nadal; Carmen Nadal, as the sole heir of Salvador Nadal, and Juan Bianchi Rosafa, and also Guillermo Cabrera y Cuesta. Several of the defendants demurred on various grounds. The court sustained some or all of the demurrers.

The statement of the case in the brief of appellants is deficient in not setting up the origin of the title in Bianchi and Cabrera (who claim in whole title) or why these two defendants would share with the plaintiffs. The brief gives no color to the claims of these defendants adverse to the plaintiffs. The statement is likewise deficient in not briefly setting up the facts recited in the complaint tending to show the nature of the alleged conspiracy between Blas Nadal and Salvador Nadal or the alleged knowledge that the latter had of the existence of a title in Patxot, independently of the title that he had in the firm of Nadal & Co., or what was his participation, if any, in said firm. As we shall see, the complaint did not state a cause of action because of similar defects.

Demurrers were filed stating a lack of a cause of action, undue joinder of causes of action, undue joining of defendants, and prescription. From our reading of the opinion

prescription was the principal matter relied upon to sustain the demurrer but we shall, as did the appellees to a certain extent, discuss the sufficiency of the complaint. The prescription was supposed to appear on the face of the complaint.

The grounds of nullity alleged were:

"(a) That Salvador Nadal and Blas Nadal had connived to deprive Ernesto Patxot of certain rights which by reason of a private contract, subsequently made into a public instrument, he had in the Hacienda Altagracia; (b) that Salvador Nadal concealed from the court the true state of the facts and that Ernesto Patxot was not notified; (c) that the mortgage credit which Salvador Nadal foreclosed was not liquidated, was subject to novations, had been cancelled by confusion of rights and that the Hacienda Altagracia was not subject to such credit, and (d) that, as a consequence of the afore alleged facts, the court was without jurisdiction in the matter."

Now it happens, and there is no question of it, that Salvador Nadal bought or acquired an existing mortgage credit against the plantation Altagracia and in time executed or attempted to execute it. The debtor, as recorded in the registry, was solely and exclusively the firm of Nadal & Co. Hence, necessarily under the Mortgage Law and its Regulations the creditor would have to proceed against that firm.

It appears, according to the complaint, that Patxot had acquired an interest in Altagracia, but that such interest was never recorded. The failure to record was not caused by Salvador Nadal nor yet by Blas Nadal. Salvador Nadal, if his mortgage was due, had a right to execute it. He was not, no matter what he knew, bound by the agreements between Blas Nadal and Patxot. The complaint shows that Patxot became insane and that a tutrix was appointed for him. An executing creditor need only pay attention to the debtor as he appears in the registry. *Torres* v. *Lothrop, Luce & Co., et al.,* 16 P.R.R. 172, 231 U. S. 171.

We question whether the knowledge of Salvador Nadal is sufficiently alleged, but it would make no difference, as we have said. See also *Calderón* v. *Auxilio Mutuo,* 42 P.R.R. 400.

The averments of the complaint that the mortgage was not liquidated, was subject to novations, and that a confusion of rights arose are not ultimate statements of facts. They are conclusions of law to be determined by a court. Whether the debt was due or not would depend upon the facts and so would the matter of novation or confusion of rights. One of the appellees suggests that this suit is a collateral attack and we hold this to be true. Patxot was not the debtor to whom Section 176 of the Mortgage Regulations applies. He failed to record his rights and Salvador Nadal and the purchasers from him were protected under Sections 33 and 34 of the Mortgage Law. These considerations are especially true of the present alleged owners of the property, namely, Bianchi and Cabrera.

The appellees discuss prescription and cite certain cases. As Salvador Nadal acquired the property in 1903 and Cabrera and Bianchi in 1907 without any defect appearing from the registry, not only did ordinary, but extraordinary prescription run, if the title of Salvador Nadal may be tacked on to the title acquired by Bianchi and Cabrera as we think it can. We can not agree with the appellants that the title of Salvador Nadal was absolutely inexistent.

This would be flying in the teeth of the cited jurisprudence.

The judgment will be affirmed.

Mr. Justice Hutchison dissented.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.