Ventura Cortés et al., Plaintiffs and Appellees, *v.* Magdalena Castañer Frau, etc., et al., Defendants and appellants.

No. 8823.   Argued January 28, 1944.—Decided April 19, 1944.

*E. Pérez Casalduc* for appellants.   *Angel Rivera Colón* for appellees.

Mr. Justice Snyder delivered the opinion of the court.

This is an appeal from a judgment in favor of the plaintiffs in an ordinary suit to foreclose a mortgage for $3,000, interest, and costs.   The principal contention made by the defendants, both in their answer and in the testimony offered by them, was that the mortgage debt had been paid. The mortgage in question was originally for $10,000.   The testimony of the plaintiffs was that $7,000 thereof had been paid by means of a loan to the debtor from the Federal Land Bank.   The defendants asserted that the plaintiffs had agreed to accept the $7,000 in question in full satisfaction of the mortgage debt, in view of the fact that the San Felipe hurricane had virtually destroyed the property involved.   The plaintiffs denied this testimony, asserting that the $7,000 was paid in order to reduce the $10,000 mortgage to $3,000.   The

district court believed the testimony of the plaintiffs. We find no basis on which to disturb that finding, especially since the Registry records reflect the same result.

· The defendants are minors, represented herein by their father, Bartolomé Castañer. When their mother died, they were judicially declared to be her sole and universal heirs. A partition deed of their mother's property was executed on July 2, 1928. This deed recited in part that the property involved herein was deeded to the minors "share and share alike as partial settlement, said minors remaining responsible for the payment of the $3,000 owing to Ventura Cortés for the part of the mortgage credit constituted on the property in his favor". This deed was executed on behalf of the defendants by a guardian *ad litem* appointed by the court. Although they did not make the contention specifically in their answer or at the trial, the defendants on motion for reconsideration and on appeal allege in effect that the deed of partition is void because there was no affirmative showing that the deed of partition, affecting the property of minors, had been judicially approved. But here we have a case in which the Registry has shown since 1928 that the property in question belongs to these minors, subject to their liability for the mortgage in question. The Registrar raised no question in connection with the requirement of judicial approval before registering the property in their name in that manner. It may well be that proof of such approval was actually submitted to him. And assuming that such a question may be raised in a case of this nature, the defendants have completely failed to meet the burden of proof which under the circumstances is on them to show that a deed regular on its face which was registered without any defect a number of years ago was void for lack of judicial approval thereof. (Cf. *Annoni* v. *Heirs of Nadal,* 59 P.R.R. 638; *Torres* v. *Lothrop,* 231 U.S. 171, 180).

The appellants allege in effect that the lower court erred in holding that the plaintiffs could proceed as herein by virtue of the mere fact that the mortgaged property appeared in the Registry as recorded in their names. But the Registry reflects the fact that, in taking this property by inheritance, the defendants bound themselves in the deed of partition to pay the mortgage in question.[1] And we have held that it is proper in an ordinary foreclosure suit to provide in the judgment, as was done here, that in the event the defendants do not pay the obligation secured by the mortgage, the mortgaged farm will be sold at public sale to pay the same (See *Canet* v. *District Court,* 61 P.R.R. 146).

The judgment of the district court will be affirmed.