VENTURA CORTÉS y LORENZA ROSARIO, demandantes y apelados, *v.* Los menores MAGDALENA y MIGUEL ANGEL CASTAÑER FRAU, representados por su padre con patria potestad BARTOLOMÉ CASTAÑER MAYOL, demandados y apelantes.

Núm. 8823—*Sometido:* Enero 28, 1944. *Resuelto:* Abril 19, 1944.

*E. Pérez Casalduc,* abogados de los apelantes; *Angel Rivera Colón,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

■■ La presente es una apelación contra sentencia a favor de los demandantes en un procedimiento ordinario para ejecutar una hipoteca de $3,000, intereses y costas. La principal contención de los demandados, tanto en su contestación como en la prueba ofrecida por ellos, fué que la deuda hipotecaria había sido pagada. La hipoteca en cuestión era originalmente de $10,000. La prueba de los demandantes fué al efecto de que se pagaron $7,000 de la misma por medio de un préstamo héchole al deudor por el Federal Land Bank. Los demandados afirmaron que los demandantes habían convenido en aceptar los $7,000 en pago total de la deuda hipotecaria, ya que el ciclón de San Felipe había destruído casi totalmente la propiedad envuelta. Los demandantes negaron esta prueba, afirmando que los $7,000 se habían pagado con el fin de rebajar la hipoteca de $10,000 a $3,000. La corte de distrito dió crédito a la prueba de los demandantes. No encontramos base para alterar esta conclusión, especialmente debido a que el registro de la propiedad refleja el mismo resultado.

Los demandados son menores, representados aquí por su padre Bartolomé Castañer. Cuando murió su madre, se les declaró judicialmente únicos y universales herederos de la misma. Una escritura de partición de los bienes de la madre fué otorgada el 2 de julio de 1928. Dicha escritura decía en parte que los bienes aquí envueltos se les adjudicaban a los menores ''en común y por mitad en pago parcial de su

haber . . . quedando dichos menores responsables del pago de los tres mil dólares de la parte del crédito hipotecario sobre ella constituído a favor de Ventura Cortés''. Esta escritura se otorgó en beneficio de los demandados por un defensor judicial nombrado por la corte. Aunque no presentaron específicamente la contención en su contestación o en el juicio, los demandados en moción de reconsideración y en apelación alegan en efecto que la escritura de partición es nula porque no hubo prueba afirmativa de que la escritura de partición, que afectaba los bienes de los menores, había sido aprobada judicialmente. Pero aquí tenemos un caso en que el registro demostraba desde el año 1928 que los bienes en cuestión pertenecían a estos menores sujetos a su responsabilidad por la hipoteca en cuestión. El registrador no levantó cuestión alguna en relación con el requisito de aprobación judicial antes de inscribir los bienes a nombre de ellos en esa forma. Podría ser que se le hubiera sometido prueba de tal aprobación. Y asumiendo que tal cuestión pueda levantarse en un caso de esta naturaleza, los demandados han fracasado completamente en el peso de la prueba que bajo las circunstancias cae sobre ellos con el fin de demostrar que una escritura válida de su faz, que fué inscrita sin defecto alguno hace un número de años, es nula por falta de aprobación judicial. (*Cf. Annoni* v. *Sucn. Nadal*, 59 D. P.R. 640; *Torres* v. *Lothrop*, 231 U. S. 171, 180).

▆ En efecto, los apelantes alegan que la corte inferior erró al resolver que los demandantes podían actuar como lo han hecho aquí por el mero hecho de que la propiedad hipotecada aparecía inscrita a su nombre en el registro. Pero del registro surge el hecho de que, al heredar esta propiedad, los demandados se obligaron en la escritura de partición a cancelar la hipoteca en cuestión.[1] Y hemos sostenido que en un pleito sobre ejecución de hipoteca por la vía ordinaria es correcto disponer en la sentencia, como se hizo aquí,

---

[1] Véase también Artículos 599-610, Código Civil, ed. 1930.

que en caso de que los demandados no paguen la obligación garantizada por la hipoteca, la finca hipotecada será vendida en pública subasta para pagar la hipoteca (Véase *Cánet* v. *Corte*, 61 D.P.R. 150, 154).

*La sentencia de la còrte de distrito será confirmada.*