José R. Martínez Rodríguez, Plaintiff and Appellee, *v.* The Federal Land Bank of Baltimore, Defendant and Appellee.

No. 9363. Argued November 14, 1946.—Decided December 5, 1946.

*E. Pérez Casalduc* for appellant. *Frank Martínez, Sebastián García Díaz, M. García del Rosario,* and *Miguel Santoni* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

On September 24, 1929, the plaintiff acquired by purchase from the partnership Norberto García, *S. en C.,* a three-fourths undivided interest in a property which was encumbered by a mortgage constituted by one of the former owners of the property in favor of The Federal Land Bank of Baltimore. It was set forth in the deed that the purchaser would

retain $6,077.04 out of the purchase price in order to pay the portion of the mortgage indebtedness which corresponded to him.

In the action for damages brought by the purchaser José R. Martínez, against the bank, under Art. 169 of the Mortgage Law Regulations, it was alleged that on August 10, 1932, the bank instituted a summary proceeding for the foreclosure of the mortgage claim; that after the term granted to the defendants in the writ demanding payment had elapsed, the bank filed a motion in which it set forth that in the deed whereby José R. Martínez acquired the mortgaged property it was stipulated that the purchaser would retain a certain sum of money to pay the mortgage indebtedness, for which reason notice of the proceeding should be served on him; that the court issued an order accordingly which was executed by the marshal on January 21, 1933, by delivering to the plaintiff herein copies of the initial petition, of the order of the clerk, and of the writ demanding payment; that two days after the plaintiff was thus notified, the bank moved the court to order the sale of the mortgaged property at public auction, inasmuch as the 30 days granted to the defendants to pay the sums claimed had elapsed without their having made such payment; that two days afterwards the court ordered the sale, which took place on February 27, 1933, and the property was awarded to the foreclosing bank for the sum of $500 to be applied on account of the sum claimed; that by virtue of said proceeding the plaintiff had been deprived and dispossessed of his condominium since April 6, 1933; that the bank had knowledge of the purchase made by the plaintiff on the same day of the execution of the deed, because the notary who certified the latter was, on that date, attorney and agent of the bank at Arecibo and, further, because the vendor partnership notified the bank of the sale on the same day of the execution of the deed; that the acts of

the foreclosing bank were malicious and negligent and had caused the plaintiff damages amounting to $70,000.

The bank answered specifically denying the essential averments of the complaint, and as special defenses it alleged: (*a*) that the plaintiff never recorded in the registry his alleged right of ownership and that, therefore, he having been served with notice thirty-three days prior to the sale at public auction, he was given the notice and opportunity to which he would have been entitled in case he had been the owner of the condominium; (*b*) that the plaintiff is guilty of laches, since having been notified of the proceeding in 1933, it was not unitl October 1944, that he took any step to protect his alleged right; (*c*) that the plaintiff waived his right, if any, in April 1933; and (*d*) that the complaint did not state facts sufficient to constitute a cause of action. The defendant bank also filed a counterclaim amounting to $15,614.65.

At the trial held before the lower court, the parties admitted that the deed whereby the plaintiff acquired the three-fourths undivided interest in the foreclosed property was never recorded in the registry of property.

The present appeal has been taken by the plaintiff from a judgment for the defendant, with costs against the plaintiff. The only question to be decided is whether the lower court erred in holding that it was proper to dismiss the complaint, as the evidence showed that the ownership title of the plaintiff had not been recorded; and that in view of that fact—the lack of record of the title—the foreclosing bank was not bound to request and obtain an order directing that a demand for payment of the mortgage claim be served on the plaintiff.

 That question has been raised in this court on numerous occasions, and it was held in *Torres* v. *Lothrop, Luce & Co. et al.,* 16 P.R.R. 172 (231 U. S. 171) that the foreclosing creditor should deal only with the recorded debtor regardless of any knowledge he may have of agreements entered into between the debtor and any other person. In

*Federal Lank Bank* v. *Registrar,* 42 P. R. R. 276, the registrar had refused to record the title of a purchaser at a public sale held in a summary foreclosure proceeding, on the ground that the foreclosing creditor knew that the property had been conveyed to a third person, upon whom no demand for payment had been made, for which reason, in the opinion of the registrar, the title was null and void. In said case, as in the one at bar, no demand for payment was made upon the purchaser, but he was served with a copy of the complaint by the marshal. In reversing the ruling of the registrar, this court said:

"We conclude that under said § 170 the only persons who are entitled to the formal demand are the persons who have their titles recorded. As to all others a simple notice of the proceedings is enough. . . . It is true that the creditor who knew of the sale could not perfect his title without some notice to the purchaser, but the only persons who are entitled to a formal demand are those who have their property recorded. *Ojeda* v. *Registrar,* 39 P.R.R. 219. As to anyone the requisites of a notice and an opportunity to be heard are sufficiently fulfilled by serving a copy of the complaint."

The same doctrine was applied in *Candelario* v. *Rivera,* 48 P.R.R. 322, and *Annoni* v. *Heirs of Nadal,* 59 P.R.R. 638.

The plaintiff herein was served with a copy of the complaint 37 days prior to the date on which the foreclosure sale of the property took place. He had an ample opportunity to pay the sum due to the bank or to bring any action that might be proper for the protection of his alleged right; and he did nothing. If the plaintiff has suffered any damage, that damage has been the direct result of his inaction and not of any act or omission on the part of the foreclosing bank. The lower court did not err in dismissing the complaint on the merits.

The judgment appealed from should be affirmed.

Mr. Justice Snyder did not participate herein.