Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 The acts of the General Assembly of Missouri of 1865 and 1866 gave authority to the County Courts to borrow money and issue bonds for road purposes where “ the amount of proposed expenditure had been submitted to a vote of the people.” The County Court of Franklin County construed the provision on the subject of this submission as discretionary and not mandatory. Although this construction vvas wrong, the language used by the legislature gave color to it.
 

 To declare that a court “ may, for the purpose of information,” submit its proposed action to the people, is not the best nor the usual way of instructing the court not to do the thing proposed unless the taxpayers approved it. Such language is well calculated to mislead any one unaccustomed to the construction of statutes, and it cannot be a matter of surprise that this County Court treated the provision requiring a vote for information as discretionary. In doing this it doubtless acted as other County Courts in the State had done under like circumstances. That this election clause should cause litigation was natural enough, and we therefore find it presented for adjudication in the case of
 
 The Leavenworth and Les Moines Railroad Company
 
 v.
 
 The County Court of Platte County.
 

 In that case it was held that the power conferred upon the County Courts could not be exercised unless the proposed expenditure ivas approved by the voters. This decision of necessity alarmed contractors, who had in good faith con
 
 *75
 
 structed roads, and equally so the holders of bonds issued for the purpose of paying the contractors for their work.
 

 To relieve these persons from the predicament in which they were placed the legislature passed a curative act. This act, on account of special legislation being forbidden by the constitution of the State, had to be general in its language, and without reference to any particular county. It was eminently just that it should be passed. The value of good roads for the common use of every one cau hardly be overestimated. As a general thing, in this country, they are within the control and supervision of the township, county, or other local authorities. Ordinarily they are improved and kept in repair by means of local taxation, but this mode will not suffice when the wants of the community require that they should be macadamized. Especially is this true of a new State like Missouri. It seems that the County Court of Franklin engaged in a general scheme for macadamizing the roads of the county and bridging the streams in it. It is fair to presume that this enterprise was undertaken in obedience to a public sentiment on the subject, although the sense of the voters was not actually taken in conformity with the directions of the statute. This is the more probable on accouut of the well-known mania of the people to run in debt for public improvements. The taxpayers saw the large expenditures that were being made, and yet they took no steps to arrest them: Not until the works were completed and the securities had passed into the hands of
 
 bond fide
 
 purchasers did they move in the matter. If they had been incited to action as soon as the contract was made, they would have been saved a heavy debt, and innocent persons would not have suffered. In this state of the case the legislature interposed and passed an act to authorize County Courts to issue bonds for the purpose of paying for the building of bridges and macadamized roads which had been contracted for and built. This act refers to past transactions, and two days after its passage a new road-law was passed couched in such language that no one could mistake the character of the powers conferred.
 

 
 *76
 
 Thus it will be seen the legislature intended to cure past errors, but left no room’for future ones. In this way it was enabled to relieve the hardship caused by the construction placed on the imperfect language of a former legislature, and at the same time to put au end to expenditures like those made by Franklin County, unless a majority of the voters should approve of them. In many cases retroactive laws, although intended to effect a good purpose, have features of injustice about them. This is not that case. The bonds here were issued under a supposed authority, and no one interposed an objection. The taxpayers rested until the mischief was done and then tried to get relief. It is cei tainly not unjust to them that the legislature should say, “you must pay for an expenditure which you saw incurred and could have prevented, but did not.” . If the County Court had acted wholly outside of its duties the aspect of the ease might have been different. But the most that can be said is that the court mistook the nature of the powers conferred upon it, and that this mistake would never have occui’red if the legislature had used language appropriate to the purpose.
 

 There is no provision in the constitution of Missouri restraining the General Assembly from conferring on counties the authority to borrow money to improve their roads without asking the consent of the voters. If so, why cannot the legislature confer on counties the power to borrow money to pay for debts already contracted for this purpose ?
 

 We agree with the Supreme Court of Missouri, that the act in question, being an authority to do a particular thing, in ay be construed as an original power. But whether it be treated as an original power or as curative and confirmatory legislation, it is equally valid, aud this is the view taken of the subject by that court.
 
 *
 

 If the act was valid, the court bad the power to take up the bonds and issue others in lieu thereof.
 

 These bonds purport on their face to have been issued
 
 *77
 
 under the order of the County Court of Franklin County, made in pursuancé of the authority conferred on the court by the act of Assembly in question, and as the defendants claim to be innocent holders, and this is true for the purpose of the exception, the complainant has no standing in a court of equity.
 

 Decree affirmed.
 

 *
 

 Steines
 
 v.
 
 Franklin Co., 48 Missouri, 175.