## BONNER *v.* GORMAN, ADMINISTRATOR.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 102.  Submitted February 23, 1909.—Decided April 5, 1909.

When parties have been fully heard in the regular course of judicial proceedings an erroneous decision does not deprive the unsuccessful party of his property without due process of law within the meaning of the Fourteenth Amendment.

Where the Federal question is raised for the first time on the second appeal and the state court refuses to consider it, it comes too late.

Unless a decision upon the Federal question is necessary to the judgment, or was in fact made the ground of the judgment, this court has no jurisdiction to review the judgment of the state court.

Writ of error to review 80 Arkansas, 339, dismissed.

THE facts are stated in the opinion.

*Mr. James P. Clarke, Mr. Rufus J. Williams* and *Mr. J. R. Beasley,* for plaintiffs in error:

There can be no reasonable doubt of the existence of a Federal question in this case.

But whether there is a Federal question or not will be determined by this court for itself upon an examination of the record. *Freeland* v. *Williams,* 131 U. S. 405; *Davidson* v. *New Orleans,* 96 U. S. 97.

The Supreme Court of Arkansas having denied a constitutional right this court has jurisdiction to review the judgment. *Boyd* v. *Thayer,* 143 U. S. 135.

Raising the Federal question for the first time in the appellate state court, if it be there considered, or necessarily involved in the decision, gives the right of review in this court. *Railroad Co.* v. *Elliott,* 184 U. S. 530.

Plaintiff in error was denied due process of law both at law and in equity. Due process of law signifies a right to be heard

in one's defense. *Hovey* v. *Elliott,* 167 U. S. 446; *Windsor* v. *McVeigh,* 93 U. S. 274; *R. R. Tax Cases,* 13 Fed. Rep. 722; *Galpin* v. *Page,* 18 Wall. 350.

In every judicial proceeding a fair trial is an indispensable element of due process of law. *Davidson* v. *New Orleans,* 96 U. S. 97; *People* v. *Essex Co.,* 70 N. Y. 229.

If any question of fact or liability is conclusively presumed against the accused it is not due process of law. *Ziegler* v. *R. R. Co.,* 58 Alabama, 594; *Wilburn* v. *McCally,* 63 Alabama, 436.

Unless the party to be affected has an opportunity of being heard respecting the justice of the judgment sought it is not due process. *Railroad Tax Cases,* 13 Fed. Rep. 722.

No judgment of a court is due process of law if rendered without jurisdiction. *Scott* v. *McNeal,* 154 U. S. 34.

*Mr. John Gatling,* for defendants in error:

A real and not a fictitious Federal question is essential to the jurisdiction of this court over the judgments of state courts. *Hamlin* v. *Western Land Co.,* 147 U. S. 531. See also *Millinger* v. *Hartupee,* 6 Wall. 528; *New Orleans* v. *New Orleans Water Works Co.,* 142 U. S. 79–87.

When parties have been fully heard, an erroneous decision of the state court does not amount to a lack of due process of law. *Central Land Co.* v. *Laidley,* 159 U. S. 112. See also *Walker* v. *Sauvinet,* 92 U. S. 90; *Head* v. *Amoskeag Co.,* 113 U. S. 9, 26; *Morley* v. *Lake Shore R. R.,* 146 U. S. 162, 171; *Bergmann* v. *Backer,* 157 U. S. 655.

The record must show on what grounds the decision of the matter in which the Federal question is alleged to have been involved was made. *Caperton* v. *Bower,* 14 Wall. 216.

Even though a Federal question may have been raised and decided in the Supreme Court of the State, yet if so, it was not necessary to the decision of the cause, and therefore cannot avail here. *Capital Nat. Bank of Lincoln* v. *First Nat. Bank of Cadiz,* 172 U. S. 425; *Murdock* v. *Memphis,* 20 Wall. 635; *California Powder Works* v. *Davis,* 151 U. S. 389, 393; *Rut-*

*land R. Co.* v. *Central Vermont R. Co.*, 159 U. S. 630; *Arkansas Southern Railroad Co.* v. *German National Bank*, 207 U. S. 270; *Hale* v. *Akers*, 132 U. S. 564; *Leathe* v. *Thomas*, 207 U. S. 93; *St. Louis, I. M. & S. Ry. Co.* v. *Taylor*, 210 U. S. 281.

All questions of fact are settled by the decision of the state court. *Hedrick* v. *Atchison R. R. Co.*, 167 U. S. 673; *S. C.*, 174 U. S. 96.

Not only the judgment but the evidence clearly shows that the plaintiffs in error were represented by counsel, so there was no want of due process or any fraud in the judgment. If it was erroneous, the remedy is by appeal.

The Federal question was raised too late. It was first suggested on the second appeal to the Supreme Court of the State, and then only on a motion to advance and affirm as a delay case. *Union Mutual Life Ins. Co.* v. *Kirchoff*, 169 U. S. 110. See also *Bollin* v. *Nebraska*, 176 U. S. 83; *Citizens' Saving Bank* v. *Owensboro*, 173 U. S. 636.

The question cannot be raised in the petition for a writ of error if it had not already been raised in due time in the state court. *Johnson* v. *N. Y. Life Ins. Co.*, 187 U. S. 496; *Simmerman* v. *Nebraska*, 116 U. S. 54; *Meyer* v. *Richmond*, 172 U. S. 82.

Mr. Chief Justice Fuller delivered the opinion of the court.

In 1893 L. P. Featherstone qualified as administrator of the estate of Mary A. Cole, deceased, in the Probate Court of St. Francis County, Arkansas, with E. Bonner, one of the plaintiffs in error, as one of the sureties on his bond. In 1894, Featherstone, as administrator, filed his first settlement, and moved from Arkansas to Texas in 1895. Some time after he left the State, Henry P. Gorman, the defendant in error, was appointed by the Probate Court administrator in succession, and on February 1, 1898, he filed his first settlement, a second settlement in 1901, and in 1903 his third settlement. July 19, 1899, two

of Featherstone's bondsmen, said E. Bonner and W. H. Coffey, appeared in the Probate Court in obedience to its order and filed the final settlement of Featherstone as administrator, in which there appeared to be a balance due to him of $23.57. To this settlement Gorman, administrator, and one of the heirs of the estate, appeared and filed exceptions. These exceptions were sustained by the Probate Court January 29, 1900, and a balance of $991.28 found due from Featherstone as administrator, and he was ordered to pay the same over to Gorman, as the administrator in succession. From this order and judgment of the Probate Court, Featherstone and his sureties, E. Bonner and Coffey, took an appeal to the Circuit Court, which appeal was dismissed by that court at the March term, 1901, for some informality as the state Supreme Court says.

February 12, 1900, suit was brought in the Circuit Court of St. Francis County by Gorman, administrator, against said Bonner and Coffey, to enforce the payment of the said judgment of $991.28. In this suit Bonner and Coffey filed an answer and a cross-complaint, to which Gorman, as administrator, filed a demurrer, which was sustained by the court, and judgment entered in favor of administrator Gorman against said sureties for $991.28. From this judgment the sureties appealed to the state Supreme Court, where it was affirmed October 10, 1903. *Bonner* v. *Gorman*, 71 Arkansas, 480.

The court ruled, as sufficiently stated in the headnote, that "in a suit against the sureties of an administrator to recover the amount that had been adjudged by the Probate Court to be due by him to the estate, it is no defense that the Probate Court erred in finding that any amount was due by such administrator, as the error should have been corrected on appeal."

To restrain the enforcement of this judgment, E. Bonner filed a bill in the Chancery Court of St. Francis County, Arkansas, at the December term, 1903. To this bill administrator Gorman and the heirs filed a demurrer on May 9, 1904, which was overruled by the court, and they then filed an answer.

The Chancery Court rendered a decree in favor of plaintiff E. Bonner, enjoining Gorman, as administrator, and the heirs at law of Mary A. Cole, from executing that judgment. From this decree Gorman and the heirs at law appealed to the state Supreme Court, where it was, on October 22, 1906, reversed, annulled and set aside, and the cause remanded to the Chancery Court, with directions to dismiss the complaint for want of equity. *Gorman v. Bonner*, 80 Arkansas, 339.

The rulings of the court were that "under the code a defendant cannot permit judgment to go against him upon a legal liability, and then enjoin the judgment in equity upon equitable grounds known before the judgment at law was rendered; a judgment of the Circuit Court against an administrator and his bondsmen will not be enjoined in equity on the ground that it was based on a void or fraudulent probate judgment, as that was matter of defense which might have been pleaded in the Circuit Court." The court also added that "it is not alleged or shown that there was any fraud in the procurement of the judgment at law, and we see no valid reason why it should be enjoined."

At the December term, 1906, of the Chancery Court a decree was entered upon, and in accordance with, the mandate of the Supreme Court, whereupon the said E. Bonner and E. L. Bonner, the latter being the surety on the injunction bond, prayed an appeal to the Supreme Court, which was granted. Gorman, administrator, and others, then appellees, filed a motion to advance this appeal and affirm the case as a delay case, and the Supreme Court granted the motion to advance and affirmed the decree. The Supreme Court rendered a *per curiam* opinion, which is to be found in *Bonner v. Gorman*, 101 S. W. Rep. 1153. This memorandum stated that "The only question in the case is whether the decree is in conformity to the mandate of this court. The record has been carefully looked into and the decree found to be in strict accord with the mandate and opinion of the court and there is nothing new for consideration. Ordinarily this would stamp this case as a delay case and it should

be advanced and affirmed and under the practice in such cases the ten per cent penalty would be added. But it is evident from the record that the appellant has brought this case here in order to seek a writ of error to the Supreme Court of the United States. It will be with the Chief Justice to decide whether there is a Federal question herein, but when a case is manifestly brought here in good faith to obtain a review in the Federal Supreme Court, although there is nothing in it for this court to consider, yet such object prevents it being the class of cases where the penalty should be inflicted."

A writ of error from this court was allowed May 9, 1907, the petition for the writ containing an assignment of errors, of which one was that the judgment of the Probate Court was null and void, and all other judgments based upon it were void also, so that the Bonners, appellants, by their enforcement, were deprived of their property without due process of law, in violation of the Fourteenth Amendment. The record was filed here June 3, 1907, and the case submitted February 23, 1909.

No Federal question was raised in this case prior to the trial and judgment on the merits. The only suggestion that such a question was involved was put forward after the state Supreme Court had affirmed on the second appeal the judgment rendered by the Circuit Court in strict obedience to its mandate. Compliance with the mandate was in fact the only question open to and determined by the higher court.

It is firmly established that when parties have been fully heard in the regular course of judicial proceedings an erroneous decision of the state court does not deprive the unsuccessful party of his property without due process of law within the Fourteenth Amendment of the Constitution of the United States, *Central Land Company* v. *Laidley*, 159 U. S. 103, 112, and, that where a Federal question is raised on a second appeal and the state court refuses to consider it, it comes too late. *Union Mutual Life Insurance Company* v. *Kirchoff*, 169 U. S. 103, 110. And see *Sayward* v. *Denny*, 158 U. S. 180; *Mut. L. Ins. Co.* v. *McGrew*, 188 U. S. 291, 308. Moreover, "according to the well-

settled doctrine of this court with regard to cases coming from
state courts, unless a decision upon a Federal question was nec-
essary to the judgment or in fact was made the ground of it,
the writ of error must be dismissed." *Arkansas Southern Rail-
road Company* v. *German National Bank*, 207 U. S. 270; *Cali-
fornia Powder Works* v. *Davis*, 151 U. S. 389; *St. L., I. M. &
S. Ry. Co.* v. *Taylor*, 210 U. S. 281.

*Writ of error dismissed.*