# BARRETT v. STATE OF INDIANA.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 245.   Submitted April 18, 1913.—Decided May 26, 1913.

Coal mining is a dangerous business and subject to police regulation by the State.

The legislature of the State is itself the judge of means necessary to secure the safety of those engaged in a dangerous business, and only such regulations as are palpably arbitrary can be set aside as violating the due process provision of the Fourteenth Amendment.

The equal protection provision of the Fourteenth Amendment requires laws of like application to all similarly situated, but the legislature is allowed wide discretion in the selection of classes.

A classification, in a police statute regulating operations in coal mines including bituminous coal mines and excluding block coal mines, is not so unreasonable or arbitrary as to justify the courts in overruling the legislature.

It is the province of the legislature to make the laws and of the court to enforce them.

Courts will not interfere with a police statute on the ground that the classification is so arbitrary as to deny equal protection of the laws unless it appears that there is no fair reason for the law that would with equal force not require its extension to others whom it leaves untouched. *Missouri, Kansas & Texas Ry.* v. *May*, 194 U. S. 267.

The statute of Indiana requiring entries in coal mines to be of a specified width was a reasonable exercise of the police power of the State in regulating a dangerous business and is not unconstitutional under the Fourteenth Amendment either as depriving the owners of bituminous coal mines of their property without due process of law or as denying them equal protection of the law because it expressly excepts block coal mines.

93 N. E. Rep. 543, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of the statute of Indiana prescribing the width of entries in bituminous coal mines, are stated in the opinion.

*Mr. John C. Chaney* and *Mr. Charles E. Barrett* for plaintiff in error:

The act of March 9, 1907, is in conflict with § 1 of the Fourteenth Amendment. It denies the equal protection of the law to the person or persons engaged in the mining of coal in certain districts of the State. It grants special privileges to another class of citizens engaged in mining coal in what is known as the block coal district, and denies these privileges to all other persons. *Chicago, M. & St. P. Ry. Co.* v. *Westby,* 178 Fed. Rep. 619; *Bells Gap R. R. Co.* v. *Pennsylvania,* 134 U. S. 232, 237; *Gulf &c. R. R. Co.* v. *Ellis,* 165 U. S. 150, 159; *Yick Wo* v. *Hopkins,* 118 U. S. 356, 359; *Cotting* v. *Kansas City Stock Yards,* 183 U. S. 79; *Barbier* v. *Connolly,* 113 U. S. 27, 31; *Santa Clara Co.* v. *Southern Pacific,* 118 U. S. 394; *Pembina Co.* v. *Pennsylvania,* 125 U. S. 181; *Charlater R. R. Co.* v. *Gibbs,* 142 U. S. 386; *Covington* v. *Sandford,* 164 U. S. 578; *Smythe* v. *Ames,* 169 U. S. 466; Tiedeman, Pol. Powers (1886), § 3; *Toledo Co.* v. *Jacksonville &c.,* 67 Illinois, 37; *Lake View* v. *Rose Hill Cemetery,* 70 Illinois, 192; *Southern Ry. Co.* v. *Greene,* 216 U. S. 400.

Appellant in the operation of his coal mine fell within the exception or proviso clause of the act. The act of 1907 is class legislation, and appellant is, by its terms, denied the equal protection of the law. *Greene* v. *State,* 119 N. W. Rep. 6.

*Mr. Thomas M. Honan,* Attorney General of the State of Indiana, *Mr. Edwin Corr, Mr. Thomas H. Branaman* and *Mr. James E. McCullough* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiff in error was convicted in a Circuit Court of Indiana of the violation of a statute of that State requiring entries in certain coal mines to be of not less than a pre-

scribed width. The case was twice before the Supreme
Court of Indiana. *State* v. *Barrett*, 172 Indiana, 169;
*Barrett* v. *State*, 93 N. E. Rep. 543. From the judgment in
the latter case, affirming the conviction, a writ of error was
prosecuted. The assignments of error raise the question
of the validity of the statute under the Fourteenth Amend-
ment to the Constitution of the United States.

The statute provides (Burns' Annotated Indiana
Statutes, 1908):

"8582. Width of entries.—1. That it shall be unlawful
for any owner, lessee, agent or operator of any coal mine
within the State of Indiana, to make, dig, construct, or
cause to be made, dug or constructed any entry or track-
way after the taking effect of this act, in any coal mine in
the State of Indiana where drivers are required to drive
with mine car or cars unless there shall be a space pro-
vided on one or both sides continuously of any track or
tracks measured from the rail, in any such entry of at
least two (2) feet in width, free from any props, loose
slate, debris or other obstruction so that the driver may
get away from the car or cars and track in event of colli-
sion, wreck or other accident. It shall be unlawful for any
employé, person or persons to knowingly, purposely or
maliciously place any obstruction within said space as
herein provided: Provided, That the geological veins of
coal numbers three and four commonly known as the
lower and upper veins in the block coal fields of Indiana
shall be exempt from the provisions of this act."

The next section provides that any one violating the
act shall be guilty of a misdemeanor and prescribes the
penalty.

That the legislatures of the States may in the exercise of
the police power regulate a lawful business is too well
settled to require more than a reference to some of the
cases in this court in which that right has been sustained
as against objections under the Fourteenth Amendment.

*Gundling* v. *Chicago*, 177 U. S. 183; *Jacobson* v. *Massachusetts*, 197 U. S. 11; *McLean* v. *Arkansas*, 211 U. S. 539; *Williams* v. *Arkansas*, 217 U. S. 79; *Watson* v. *Maryland*, 218 U. S. 173; *Schmidinger* v. *City of Chicago*, 226 U. S. 578. That the mining of coal is a dangerous business and therefore subject to regulation is also well settled. It is an occupation carried on at varying depths beneath the surface of the earth, amidst surroundings entailing danger to life and limb, and has been, as it may be, the subject of regulation in the coal mining States by statutes which seek to secure the safety of those thus employed. The legislature is itself the judge of the means necessary and proper to that end, and only such regulations as are palpably arbitrary can be set aside because of the requirements of due process of law under the Federal Constitution. When such regulations have a reasonable relation to the subject-matter and are not arbitrary and oppressive, it is not for the courts to say that they are beyond the exercise of the legitimate power of legislation. *Carroll* v. *Greenwich Insurance Co.*, 199 U. S. 401; *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61.

We are unable to say that the requirement that entries shall have a certain width beyond the tracks, as prescribed by this statute, would not promote the safety of the employés engaged in that work. The legislature found, for reasons sufficient to itself, that such additional width, kept clear of obstructions, would promote the safety of the exployés, and we are not prepared to say that in enacting such legislation it violated the Federal Constitution.

It is argued that the act in question is also violative of the equal protection clause of the Fourteenth Amendment, in that it applies to bituminous coal mines but not to block coal mines. The equal protection of the laws requires laws of like application to all similarly situated, but in selecting some classes and leaving out others the legislature, while it keeps within this principle, is, and may be,

allowed wide discretion. It is the province of the legisla-
ture to make the laws and of the courts to enforce them.
This court has had such frequent occasion to consider this
matter that extended discussion is not necessary now. The
legislature is permitted to make a reasonable classification
and before a court can interfere with the exercise of its
judgment it must be able to say "that there is no fair
reason for the law that would not require with equal force
its extension to others whom it leaves untouched." This
was one test laid down in *Missouri, Kansas & Texas Ry.
Co.* v. *May*, 194 U. S. 267, and has been quoted and
followed with approval in *Williams* v. *Arkansas, supra;*
and *Watson* v. *Maryland, supra.* In noticing this con-
tention the Supreme Court of Indiana, when the case was
first before it, 172 Indiana, 169, reviewed the situation
in that State, as evidenced by official reports concerning
the coal mining industry, and noted the great difference
in the production and number of mines between what are
called the block veins of coal and the bituminous veins of
coal existing in the State, and also the different depths at
which coal is mined in the strata of block and bituminous
coal, and concluded its discussion of this subject, as
follows:

"It is not unlikely that there is in fact a difference in
the degree of danger in mining the two kinds of coal. We
at least cannot say the contrary. If so, it must be pre-
sumed that the legislature informed itself upon that sub-
ject. It may be that mining coal at a distance of 165 feet
from the surface is more hazardous than mining it at 90
feet. These matters, with the relative output, relative
number of mines and persons employed, may have entered
into the consideration as requiring the act in one case, and
not in the other, and while the relative number of em-
ployés, mines and the output might not be a proper
classification if applied to persons in the same class of
work, or under the same conditions, we cannot say that

they are not different at different depths and in different kinds of coal, and must presume that they are; at least we cannot say that, as applied to all persons alike employed in mining bituminous coal, the act is invalid because not applicable to block mining, and we cannot say that the act is unreasonable, or determine as to its propriety or impropriety, and to doubt its constitutionality is to resolve in favor of its constitutionality."

This is a reasonable disposition of the matter, and we concur in the conclusion reached by the Supreme Court of Indiana in this respect. We are unable to say that the application of the law to bituminous coal mines and the omission of block coal mines was such arbitrary discrimination as to render the act unconstitutional.

We find no error in the judgment of the Supreme Court in affirming the conviction, and it is

*Affirmed.*