## AMERICAN RAILWAY EXPRESS COMPANY v. KENTUCKY.

CERTIORARI TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 5. Argued January 29, 1925; reargued November 17, 18, 1925.—Decided February 21, 1927.

1. Upon review of a judgment of a state court, not explained by any opinion, grounds of decision involving constitutional questions but not appearing in the record can not be merely assumed. P. 272.
2. Save in exceptional circumstances, decisions of state courts on questions of common law as locally applicable are binding in this Court. P. 272.
3. A judgment pronounced by a state court, with jurisdiction, after a fair hearing, is not violative of due process under the Fourteenth Amendment, even if erroneous, if it is not evasive of a constitutional issue or a result of arbitrary or capricious action. P. 273.
4. Petitioner, a Delaware corporation, was organized under agreement of the interested parties, during the War, to take over the business and operative properties of all the principal express companies; which it did, paying them with shares of its capital stock issued for the purpose. No provision was made for paying obligations of the old companies. *Held* that indebtedness in Kentucky of one of the old companies, which arose previously from its express business there, could constitutionally be enforced by the Kentucky

courts against the new company, the old one not being dissolved or insolvent but retired to another State where it still had the stock received from the new company and other valuable property. P. 274.

Affirmed.

CERTIORARI (264 U. S. 579) to a judgment of the Court of Appeals of Kentucky, which affirmed a judgment against the American Railway Express Company for the aggregate of numerous judgments previously recovered against the Adams Express Company by the Commonwealth of Kentucky.

*Mr. Kenneth E. Stockton* for the petitioner on the original argument; *Mr. Branch P. Kerfoot* on the reargument. *Mr. Charles W. Stockton* was also on the brief. See the brief in the next case.

*Mr. Frank E. Daugherty,* Attorney General of Kentucky, for the Commonwealth of Kentucky.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Without opinion the Kentucky Court of Appeals affirmed a judgment by the Harlan Circuit Court against petitioner and in favor of the Commonwealth for the aggregate sum of forty-four judgments against the Adams Express Company theretofore granted on account of alleged defaults during 1916.

The Adams Company is a " joint stock association," organized under the laws of New York. For many years it operated as a common carrier of goods in Kentucky and other States and owned therein valuable property essential to the conduct of this business. In Kentucky it owned no other property.

The petitioner is a Delaware corporation, organized under an agreement of the interested parties for the purpose of taking over the business and operating property

of all the principal express companies of the country by issuing stock to the several owners. Directly after its organization, and on July 1, 1918, it acquired the entire express business and all property connected therewith of the Adams Company and issued therefor several million dollars of its capital stock. (Like transfers were made by the other express companies.) The seller immediately ceased to operate in Kentucky and the purchaser continued the business. Neither company made any provision for paying the outstanding obligations of the Adams Company contracted in Kentucky; but the latter held in its treasury at New York the stock received from the purchaser, possessed other valuable property located there, and was solvent.

Respondent claimed that petitioner became liable for unsatisfied obligations of the Adams Company. After a full and fair hearing upon pleadings and proof, the Court of Appeals sustained this theory but assigned no reason. That court, it is said, determined the same issues as here presented in *American Railway Express Co.* v. *Commonwealth of Kentucky,* 190 Ky. 636, and supported the judgment by an elaborate opinion. But the record now before us fails to show any reference whatever to that opinion when the present cause was decided.

The petition for certiorari affirmed that the cause involved the following questions of constitutional law and because of them asked a review. We go no further than their consideration requires.

(1) Whether it is a lack of due process of law for the Kentucky Court to deprive the petitioner of its property on the following assumptions which are unsupported by the record and contrary to fact; (a) that the Adams Express Company is a corporation; (b) that the State of Kentucky was a creditor of the Adams Express Company on June 30, 1918; (c) that the stock issued to the Adams Express Company was distributed by it among its shareholders.

(2) Whether petitioner is denied the equal protection of the laws by a decision of a state court which holds that a corporation which pays cash for property is a holder for value but that a corporation which issues less than a controlling interest of its own stock for property is a donee, and takes such property subject to existing claims of the vendor's creditors.

(3) Whether it is lack of due process for the state of Kentucky to enforce a rule that a *bona fide* purchaser for value of all the Kentucky property of a solvent vendor is liable to Kentucky creditors of the vendor to the extent of the value of the property acquired.

(4) Whether a decision of a state court which is contrary to the common law, and justifiable only as an exercise of the state's police power, can be retroactively applied to affect vested rights.

The grounds upon which the Court of Appeals rested its judgment are not revealed—there was no opinion. Consequently, petitioner's argument which rests upon alleged assumptions is impertinent.

The record discloses no ruling that a corporation which pays cash for property holds for value but if property is acquired by issuing less than a controlling interest of stock it takes subject to claims of the seller's creditors.

As there was no controlling statute the state court necessarily determined the rights and liabilities of the parties under the general rules of jurisprudence which it deemed part of the law of Kentucky and applicable in the circumstances. It went no further. No earlier opinion was overruled or qualified and no rule was given any retroactive effect. Save in exceptional circumstances not now present we must accept as controlling the decision of the state courts upon questions of local law, both statutory and common. "The due process clause does not take up the laws of the several States and make all questions pertaining to them constitutional questions, nor

does it enable this court to revise the decisions of the state courts upon questions of state law." *Enterprise Irrigation District* v. *Farmers Mutual Canal Co.*, 243 U. S. 157, 165, 166.

The Kentucky court had jurisdiction and has determined only that under common law principles in the peculiar circumstances above narrated, where the facts were or might have been known to the purchasing corporation, it became liable for claims against the vendor resulting from transactions within the State. The action of the court followed a fair hearing, and there is no pretense that the challenged views were adopted in order to evade a constitutional issue. We cannot interfere unless the judgment amounts to mere arbitrary or capricious exercise of power or is in clear conflict with those fundamental "principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights." *Pennoyer* v. *Neff,* 95 U. S. 714, 733; *Booth* v. *Illinois,* 184 U. S. 425, 429; *Truax* v. *Corrigan,* 257 U. S. 312, 329.

It is firmly established that a merely erroneous decision given by a state court in the regular course of judicial proceedings does not deprive the unsuccessful party of property without due process of law. *Arrowsmith* v. *Harmoning,* 118 U. S. 194, 195; *Iowa Central Ry. Co.* v. *Iowa,* 160 U. S. 389, 393; *Tracy* v. *Ginzberg,* 205 U. S. 170, 177; *Bonner* v. *Gorman,* 213 U. S. 86, 91; *McDonald* v. *Oregon R. R. & Nav. Co.,* 233 U. S. 665, 669.

Considering the circumstances disclosed by the record, there was nothing arbitrary or obviously contrary to the fundamental principles of justice in requiring the petitioner, organized for the purposes shown, to satisfy claims against the Adams Company which arose out of business within the State. The transfer of all the latter's property located in the State materially interfered with the ability of Kentucky creditors to enforce their claims, and,

as to them, might have been declared fraudulent. It seems clear that the State, without conflict with the Fourteenth Amendment, might have enacted through its legislative department a statute of precisely the same effect as the rule of law and public policy declared by the Court of Appeals, and its decision is just as valid as such a statute would have been. *Prudential Insurance Co.* v. *Cheek,* 259 U. S. 530, 548.

The above-expressed view is sufficiently confirmed by what this Court said in *Mutual Reserve Association* v. *Phelps,* 190 U. S. 147, 158, 159, which upheld the validity of a statute providing for service of process after a corporation had ceased to do business within and had withdrawn all agents from the State; and *Lemieux* v. *Young, Trustee,* 211 U. S. 489, 492, 495, and *Kidd, Dater Co.* v. *Musselman Grocer Co.,* 217 U. S. 461, 472, *et seq.,* which sustained the power of a State to impose liability for the seller's debts upon a purchaser of merchandise in bulk.

The judgment of the court below must be

*Affirmed.*

Mr. Justice Sutherland and Mr. Justice Butler, dissent.