BELL TELEPHONE COMPANY OF PENNSYLVANIA *v.* PENNSYLVANIA PUBLIC UTILITY COMMISSION.

No. 252.   Argued January 10, 1940.—Decided January 29, 1940.

*Mr. Benjamin O. Frick,* with whom *Messrs. William H. Lamb* and *E. Everett Mather, Jr.* were on the brief, for appellant.

*Messrs. Claude T. Reno,* Attorney General of Pennsylvania, *A. Jere Creskoff,* and *Harry M. Schowalter* were on a brief for appellee.

By leave of Court, *Messrs. John E. Benton* and *Clyde S. Bailey* filed a brief on behalf of the National Association of Railroad & Utilities Commissioners, as *amicus curiae,* urging affirmance.

PER CURIAM.

The Pennsylvania Public Utility Commission, by order of March 15, 1938, required appellant, The Bell Telephone Company of Pennsylvania, to revise its intrastate toll rates for distances exceeding 36 miles so as to conform to rates charged by the American Telephone & Telegraph Company for comparable distances for interstate services. The Commission found, after full hearing, that the rates charged for long distance service in Pennsylvania were higher than the interstate rates for the same facilities for a like or greater distance, and constituted an unreasonable discrimination against intrastate patrons in violation of § 304 of the Public Utility Law of Pennsylvania of May 28, 1937, P. L. 1053. On appeal, the Superior Court of Pennsylvania affirmed the order. 135 Pa. Super. Ct. 218; 5 A. 2d 410. The Supreme Court of Pennsylvania refused appeal. The case comes here on appeal from the judgment of the Superior Court. See *Pennsylvania Railroad Co.* v. *Public Service Commission,* 250 U. S. 566.

Appellant expressly disclaimed below, and also here, raising the question of confiscation. Its contentions are (1) that the Commission's order is wholly without support in the evidence and thus constitutes a denial of due process contrary to the Fourteenth Amendment; (2) that the order based on discrimination only, and prescribing rates not found to be reasonable and depriving appellant of considerable revenue, is arbitrary and hence a denial of due process; and (3) that the order is a regulation of

interstate rates and imposes a direct burden upon interstate commerce.

As to the first contention, it appears that the state court heard the appeal judicially and decided that there was evidence justifying the finding of the Commission of unreasonable discrimination in the transaction of its intrastate business. In the absence of other constitutional objections, it cannot be said that a state court denies due process when on appropriate hearing it determines that there is evidence to sustain a finding of the violation of state law with respect to the conduct of local affairs. The contention that such a decision is erroneous does not present a federal question. *Arrowsmith* v. *Harmoning*, 118 U. S. 194, 196; *Bonner* v. *Gorman*, 213 U. S. 86, 91; *American Railway Express Co.* v. *Kentucky*, 273 U. S. 260, 273.

As to the second contention, where there is no claim of confiscation, the state authority is competent to establish intrastate rates and in so doing to decide what constitutes an unreasonable discrimination with respect to intrastate traffic. See *Stone* v. *Farmers' Loan & Trust Co.*, 116 U. S. 307, 325; *Portland Railway, L. & P. Co.* v. *Railroad Commission*, 229 U. S. 397, 410; *Los Angeles Gas Co.* v. *Railroad Commission*, 289 U. S. 287, 304, 305; *West Ohio Gas Co.* v. *Public Utilities Commission*, 294 U. S. 63, 70.

Finally, it appears that the Commission's order related exclusively to intrastate traffic and that there was no attempt to regulate interstate rates.

The appeal is dismissed for want of a substantial federal question.

*Dismissed.*