Mitchell WATSON et al., Plaintiffs,

v.

KENLICK COAL COMPANY et al.,
Defendants.

Civ. A. No. 1603.

United States District Court,
E. D. Kentucky,
Pikeville Division.

Sept. 25, 1973.

William H. Allison, Jr., Louisville, Ky., for plaintiffs.

Baird & Baird; Stephens, Combs & Page, Pikeville, Ky., for defendants.

HERMANSDORFER, District Judge.

This action is before the Court on defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction, Rule 12(b), F.R.C.P. The question has been argued and briefed by counsel. It is the opinion of the Court that the Motion to Dismiss should be sustained for the reasons which follow.

Plaintiffs are private citizens who claim that destruction of surface rights owned by them in Magoffin County, Kentucky incident to the defendants' past and prospective strip mining of minerals owned by defendants, is actionable in the United States District Court for the Eastern District of Kentucky. Plaintiffs have asserted three grounds for federal jurisdiction. Diversity jurisdiction is asserted under 28 U.S.C. § 1331(a) but fails upon the allegations of the Complaint that two of

the plaintiffs and all of the defendants are residents and citizens of Kentucky which precludes the diversity required by 28 U.S.C. § 1331(a). The plaintiffs seek jurisdiction under 28 U.S.C. §§ 2201 and 2202. These declaratory judgment provisions create a remedy but do not of themselves afford federal jurisdiction. American Airlines, Inc. v. Louisville and Jefferson County Air Board, 269 F.2d 811 (6th Cir. 1959). Finally, jurisdiction is sought under 42 U.S.C. §§ 1983 and 1984. Section 1983 is a jurisdictional statute and will be considered.

The purpose of enacting 42 U.S.C. § 1983, as stated in Mitcham v. Foster, 407 U.S. 225, 242, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972), was to

"interpose the federal courts between the States and the people, as guardians of the people's *federal* rights—to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative or judicial . . .'." (Emphasis supplied.)

Moreover, this Court is sensitive to the teaching of Hilliard v. Williams, 465 F. 2d 1212 (6th Cir. 1972), cert. denied, 409 U.S. 1029, 93 S.Ct. 461, 34 L.Ed.2d 322 (1972), although stated in terms relevant to dismissal for failure to state a claim. Nevertheless, it does not appear that plaintiffs have established the essentials required by 42 U.S.C. § 1983 for federal jurisdiction.

This case presents another chapter in the continuing debate in Kentucky over the so-called "broad form" mineral deed. The history of this debate is substantially recited in Roberts v. Twin Fork Coal Company, 223 F.Supp. 752 (E.D.Ky. 1963). Although the defendants are not alleged to have acted under color of state law in the alleged deprivation of plaintiffs' rights, the Court of Appeals of Kentucky and the Kentucky Division of Reclamation are specifically cited as being involved in plaintiffs' alleged loss.

The applicable language of the Complaint states:

"The Kentucky Court of Appeals' decision, Martin v. Kentucky Oak Mining Company, 429 S.W.2d 395 (1968) . . . constitutes state action violative of the due process of law provision of the Fifth Amendment to the United States Constitution in that the Kentucky Court of Appeals has unconstitutionally involved itself in the taking of PLAINTIFF'S (sic) property without just compensation and without due process of law." (Complaint, paragraph 21.)

and,

"The issuance of the mining permits to the defendants . . . by the Kentucky Division of Reclamation is state action violative of the due process of law provision of the Fifth Amendment to the United States Constitution . . . in that the Kentucky Division of Reclamation as a state agency, has unconstitutionally involved itself in the taking of PLAINTIFF'S (sic) property without just compensation and without due process of law." (Complaint, paragraph 20.)

Plaintiffs apparently desire to raise two aspects of the Fifth Amendment— deprivation of property without due process and the taking of property for a public use without just compensation— through the conduit of the Fourteenth Amendment making such constitutional standards applicable to actions of the Commonwealth of Kentucky. This procedure is viable and does not require the citation of supporting authority.

Plaintiffs do not plead the taking of property for a public purpose, merely the taking of property. Accordingly, the sole Fifth Amendment question is the deprivation of property without due process of law. To establish federal jurisdiction arising out of conduct between private parties it is imper-

ative that state involvement to a significant degree be established. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). Plaintiffs urge the argument that the line of decisions of the Kentucky Court of Appeals culminating with Martin v. Kentucky Oak Mining Company, Ky., 429 S.W.2d 395 (1968), upholding the so-called "broad form" mineral deed as it is construed to permit strip mining without payment to the surface owner for damages except where resulting from oppressive, arbitrary, wanton, or malicious action, is an unconstitutional act on the part of the Kentucky Court for the reason that it involves the Court in the impermissible taking of plaintiffs' property without due process of law. Regrettably, neither by argument nor brief have plaintiffs enlightened this Court on the workings of this theory. Effort has been made to find a sufficiently close nexus between the official acts of a state court of last resort as to different issues and parties from those presented in this Court upon which plaintiffs' theory might rest. None has been found.

The Fifth Amendment contemplates by judicial construction both procedural due process and so-called substantive due process. There is no basis advanced to this Court upon which other decisions not involving plaintiffs could give rise to a procedural due process argument. Certainly, the *Martin* decision does not touch this issue, or announce any rule impairing plaintiffs' right to a day in Court. It is somewhat difficult to relate the concept of substantive due process to the acts complained of in this Court. The history of the Fifth Amendment would indicate that consideration of due process other than procedural has been principally applied to test alleged arbitrary and unreasonable governmental classifications or judicial acts as to the complaining party. In result, it would appear that the Supreme Court reaches similar conclusions on like reasoning under the Equal Protection Clause of the Fourteenth Amendment to those reached under Fifth Amendment Substantive Due Process. In any event, in the context of a claim of loss of property by lack of due process occasioned by acts of the Court of Appeals of Kentucky involving other persons, there simply is no basis shown to indicate that the Kentucky Court would treat plaintiffs differently from other litigants. If this Court correctly understands plaintiffs' argument, it is precisely because plaintiffs believe they would be treated like other litigants that this question has been raised. If this understanding is correct, then the argument is rejected out of hand. This Court has no right or duty to speculate on the outcome of possible litigation in the Kentucky Courts.

 Were this Court to assume, which it does not, that the *Martin* decision is erroneous, it is clear that a merely erroneous state court decision does not deprive a party of due process of law. American Railway Express Co. v. Kentucky, 273 U.S. 269, 47 S.Ct. 353, 71 L.Ed. 639 (1927). Neither does the concept of federally protected due process of law have as a predicate any assurance of a correct interpretation of the law nor relief from the consequences of an honest misinterpretation. Thompson v. Kentucky, 209 U.S. 340, 28 S.Ct. 533, 52 L.Ed. 822 (1908). If a party to litigation is bound by these views, then it is difficult to see how a non-party to the litigation would gain any superior rights. It is within the power of the highest court of a state to determine property rights within its jurisdiction under local laws, customs and usages, and this power is not impaired by the Fourteenth Amendment where no federally secured rights are involved. Tracy v. Ginzberg, 205 U.S. 170, 27 S.Ct. 461, 51 L.Ed. 755 (1907). A reading of Martin v. Kentucky Oak Mining Company, *supra,* shows that no federal question was raised or decided. That decision, therefore, stands as duly determined judicial matter in the Kentucky Court of Appeals. This Court has no

warrant to question its propriety in this case or power to alter it. Specifically, this Court holds that the Kentucky Court of Appeals did not violate plaintiffs' Fifth Amendment right to due process of law by deciding the line of cases upholding the Kentucky "broad form" mineral deed. This determination sustains the collateral proposition that such Kentucky decisions cannot support a claim of state action within the meaning of 42 U.S.C. § 1983.

■ On similar reasoning the argument fails that issuance of a strip mining permit to the defendants was an unconstitutional act involving the Kentucky Division of Reclamation in depriving plaintiffs of their property without due process of law. The legislative determination to regulate strip mining in Kentucky as set forth in Chapter 350, Kentucky Revised Statutes and regulations promulgated thereunder was in aid of the objective "to minimize or prevent its injurious effects on the people and resources of the commonwealth". KRS 350.020. Plaintiffs' due process argument is limited to the issuance of a permit to strip mine. This Court is not advised as to how the issuance of a strip mining permit under the Kentucky scheme of regulating strip mining offends federally secured rights to due process of law. Neither were plaintiffs parties to the procedure, which negates the procedural due process argument, nor is there any allegation that defendants were treated differently than others to plaintiffs' detriment; if, under any view, plaintiffs have standing to raise that question. Again, if this Court correctly understands plaintiffs' argument, it arises out of the fact that a permit to strip mine was issued to defendants under any conditions. Although the issuance of the strip mining permit is clearly state action, it is not actionable state action within the meaning of 42 U.S.C. § 1983. There is no relationship pled, argued or authority presented to show that the involvement of the state by issuing a permit to engage in a lawful industry under state regulation deprives plaintiffs of property without due process of law within the meaning of the Fifth Amendment.

On the assertion that plaintiffs' surface rights are "taken" by strip mine operations (omitting the conclusive adverb "unconstitutionally"), no federal constitutional question is raised where it is not shown, at least to an arguable degree, that the taking is impermissible under the federal constitution *and* that "state action" is involved. This Court is unable to find the existence of the jurisdictional elements required under 42 U.S.C. § 1983.

The Motion to Dismiss is hereby Sustained.

This case shall be stricken from the docket.